IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY KRUGH and DEBORAH KRUGH,<br>Plaintiffs,<br><br>vs.<br><br>STATE FARM INSURANCE COMPANY<br>and STATE FARM FIRE AND CASUALTY<br>COMPANY<br>Defendants. | Civil Action No. 2:11-cv-1484<br>Judge Nora Barry Fischer |

## <u>MEMORANDUM ORDER</u>

AND NOW, this 17th day of January, 2012, the Court having considered the Defendant's "Motion to Dismiss Counts I, II, III (in part), IV, and V of Plaintiffs' Amended Complaint" (Docket No. [12]), Defendant's Brief in Support (Docket No. [13]), Plaintiffs' Brief in Opposition (Docket No. [15]) and Defendant's Reply (Docket No. [18]), as well as discussion at the Case Management Conference (Docket No. [19]) and oral argument at the Court's hearing on the Motion to Dismiss (Docket No. [23]), IT IS HEREBY ORDERED that Defendant's motion [12] is granted, in part, and denied, in part, as follows.

The Court believes that, once the allegations in Paragraphs 1-19 of the Amended Complaint are taken into account, the Plaintiffs have sufficiently pled bad faith (Count I), violation of the Unfair Trade Practices and Consumer Protection Law ("UTP/CPL") (Count II), and breach of contract (Count III). The Court will, however, dismiss Plaintiffs' claim for punitive damages under Count III.

As to Count II, the Court accepts Plaintiffs' argument that Paragraphs 14 and 15 set forth sufficient facts to support a claim of misrepresentation. However, the Court also recognizes that one of the elements to be pled is justifiable reliance. *See Cehula v. Janus Distributors, LLC*, Civ.

1

No. 07-113, 2008 WL 2890874, at *4 (W.D.Pa. July 23, 2008) ("[T]he Pennsylvania Supreme Court has consistently held that to bring a private cause of action under the UTP/CPL, a plaintiff must show that he *justifiably relied* on the defendant's wrongful conduct or representation and that he suffered harm *as a result of* that reliance.") (emphasis in original, internal quotations omitted). The Plaintiffs seem to argue that such reliance is implicit in their Amended Complaint. Further, dependent upon discovery, Plaintiffs may amend their complaint to assert additional facts in support of this cause of action. (*See* Docket No. [20]). The Court also notes that justifiable reliance will undoubtedly be tested at the summary judgment stage, after further factual development. *See id.* (deciding a UTP/CPL case on summary judgment). Accordingly, at this stage, the Court will not discuss this claim. Instead, it will permit discovery as to same. Thereafter, Defendant can raise its argument again at the summary judgment stage.

As to Count IV, for breach of fiduciary duty of good faith and fair dealing, the Court observes that "[t]he duty of good faith and fair dealing is an implied covenant that arises in every contract, and thus, its breach is tantamount to a breach of contract." *Oehlmann v. Metro. Life Ins. Co.*, 644 F.Supp.2d. 521, 534 (M.D.Pa. 2007). The logical extension of this proposition is that a breach of fiduciary duty of good faith and fair dealing is subsumed by a breach of contract claim. *See, e.g., Johnson v. State Farm Life Ins. Co.*, 695 F.Supp.2d 201, 214 (W.D.Pa. 2010) (McVerry, J.) ("Pennsylvania law does not recognize a separate breach of contractual duty of good faith and fair dealing where said claim is subsumed by a separately pled breach of contract claim."); *Smith v. Allstate Fire & Cas. Ins. Co.*, Civ. No. 07-2790, 2008 WL 650019, *1 (E.D.Pa. March 10, 2008). Moreover, Count I will address any claimed bad faith. Thus, dismissal of Count IV is appropriate and that Count shall be stricken.

Finally, turning to Count V, asserting negligence, the Court observes that the "gist of the action" doctrine operates to bar tort claims that are rooted or created solely by way of contract. *See IPEG, Inc. v. Hamilton Avtec, Inc.*, Civ. No. 11-574, 2011 WL 4056119, *5 (W.D.Pa. 2011) (*citing Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.*, 530 F.3d 204, 229 (3d Cir. 2009); *First United Bank & Trust v. The PNC Financial Services Group, Inc.*, 667 F.Supp.2d 443, 449 (M.D.Pa. 2009)). Given that Count V is based on the Defendant's failure "to exercise reasonable case in the handling of claims made under the Policy," it is clear to this Court that the duty allegedly violated in Count V is purely contractual as it arises under the Policy. Therefore, this Court finds that the "gist of the action" doctrine mandates dismissal of Count V, and said Count shall be stricken.

IT IS FURTHER ORDERED that Plaintiffs' claim as to punitive damages under Count III is hereby dismissed, but the Court leaves undisturbed all the text of the Amended Complaint, as it may have bearing on the remainder of Count III.

IT IS FURTHER ORDERED that Counts IV and V shall be dismissed, with prejudice, in accord with the foregoing, and both Counts shall be stricken.

IT IS FINALLY ORDERED that Defendant shall file its answer by January 31, 2012.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.